**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-2357**

———————

GEORGE HOWE, Administrator of the Estate of Geoffrey Howe,

     Plaintiff – Appellant,

v.

CORRECTION ENTERPRISES; ERIK A. HOOKS, in his individual capacity; FRANK L. PERRY, in his individual capacity; KENNETH LASSITER, in his individual capacity; GEORGE SOLOMON, in his individual capacity; W. DAVID GUICE, in his individual capacity; ANNIE HARVEY, in her individual capacity; FELIX TAYLOR, in his individual capacity; COLBERT RESPASS, in his individual capacity; KAREN BROWN, in her individual capacity; ROBERT LEON, in his individual capacity; FAYE D. LASSITER, in her individual capacity; NICOLE E. SULLIVAN, in her individual capacity; JOSEPH HARRELL, in his individual capacity; REGINA FEREBEE, in her individual capacity; THOMAS TERRANOVA, in his individual capacity; THOMAS ASHLEY, in his individual capacity; JEFFREY BAKER, in his individual capacity; LORIS SUTTON, in her individual capacity; JESSE ROGERS, in his individual capacity; CARLTON RICHARDSON, in her individual capacity; KATINA JORDAN, in her individual capacity; VIVIAN R. JOHNSON, in her individual capacity; JERMAINE GRIFFIN, in his individual capacity; WILLIAM DAVENPORT, in his individual capacity; LEARY M. CASPER, in his individual capacity; CAPTAIN MARQUIS BETZ, in his individual capacity; LEON WILLIAMS, in his individual capacity; STEVEN GARDNER, in his individual capacity; RICHARD TURNER, in his individual capacity,

     Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:19-cv-00036-H)

———————

Submitted:  October 29, 2021                    Decided:  December 14, 2021

———————————

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Catharine E. Edwards, David F. Kirby, EDWARDS KIRBY, LLP, Raleigh, North Carolina, for Appellant. Stephanie A. Brennan, Shannon J. Cassell, Tamika L. Henderson, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Geoffrey Howe, an employee at Pasquotank Correctional Institution in North Carolina, was murdered by four inmates during their attempted escape. George Howe, Geoffrey's father and the administrator of his estate, sued Correction Enterprises (a division of the North Carolina Department of Public Safety) and twenty-nine individuals who worked for the state. In addition to three state-law claims, Howe brought three claims under 42 U.S.C. § 1983, alleging that the defendants had violated substantive due process. The district court dismissed Howe's § 1983 claims and remanded the remaining claims to state court.

Howe timely appealed the district court's ruling and we held the appeal in abeyance pending *Callahan v. North Carolina Department of Public Safety*, No. 20-1410, 2021 WL 5346745 (4th Cir. Nov. 17, 2021). That decision has now issued. In *Callahan*, we rejected a substantive due process claim similarly arising out of an inmate's murder of a prison employee. *Id.* at *6. We held that "the state must create the direct danger that causes the injury or death" in order to give rise to a plausible claim. *Id.* at *4. And though the circumstances were "tragic," we ultimately declined the invitation to "constitutionalize a state tort claim." *Id.* at *6.

We have discretion to either reach the merits of the case or to affirm on qualified immunity grounds. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this case, we need go no further than to rest the decision on the basis of qualified immunity. Defendants have asserted qualified immunity, and the district court dismissed Howe's § 1983 claims on that basis. "The doctrine of qualified immunity protects government officials 'from liability for

3

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the following discussion of *Callahan* and our other precedents makes clear, the defendants did not violate any clearly established federal law. Thus the district court's decision is affirmed.

Section 1983 imposes liability on state actors who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Yet the Clause does not function "as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). As such, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process clause," *id.* at 197, unless the state actor, through affirmative acts, "create[s] the direct danger that causes the injury or death," *Callahan*, 2021 WL 5346745, at *4. This exception is known as the state-created danger doctrine.

While Howe attempts to characterize defendants' collective conduct as a series of affirmative acts, he really seeks to challenge the "dangerous, threatening environment at PCI." J.A. 81. As "[i]t is not enough to reframe a failure to protect against a danger into an affirmative act," *Callahan*, 2021 WL 5346745, at *5, these allegations simply do not clear the "exactingly high bar for what constitutes affirmative conduct," *Turner v. Thomas*, 930 F.3d 640, 646 (4th Cir. 2019). At a minimum, Howe has not alleged anything that would overcome defendants' assertion of qualified immunity.

4

Howe also alleges separate substantive due process claims under "shocks the conscience" and "failure-to-train" theories. But these theories likewise fail to demonstrate that the defendants in any way violated clearly established federal law. To shock the conscience in the context of voluntary employment, government employers must "intend[] to harm" the employee. *Slaughter v. Mayor & City Council of Baltimore*, 682 F.3d 317, 322 (4th Cir. 2012); *see also Callahan*, 2021 WL 5346745, at *5 n.5. And failure-to-train claims "cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the [untrained] employee." *Young v. City of Mount Rainier*, 238 F.3d 567, 579 (4th Cir. 2001). Howe does not plausibly allege that the defendants intended to harm his son. Nor does he plausibly allege that a state employee committed an underlying constitutional violation (instead pointing to generally insufficient safety training). Each of these claims therefore falls short.

The basic point of *DeShaney* is that the Due Process Clause shields against constitutional violations perpetrated by the state, but generally does not impose affirmative obligations on the state whose breach would lead to an actionable tort. 489 U.S. at 195. Our precedent makes clear that "where a claim sounds both in state tort law and substantive due process, state tort law is the rule and due process the distinct exception." *Waybright v. Frederick Cnty.*, 528 F.3d 199, 205 (4th Cir. 2008). Simply put, "[t]he Due Process Clause does not convert state-law tort claims into constitutional violations actionable under § 1983." *Callahan*, 2021 WL 5346745, at *5. So while Howe's case undoubtedly "involves tragic circumstances," it "does not involve a due process violation." *Id.* at *6. The district

court was thus correct both to dismiss Howe's § 1983 claims and to send his other claims back to the state court system better equipped to adjudicate them.

For the foregoing reasons, we conclude that defendants did not violate any clearly established federal law. They are thus entitled to qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*.